CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 29 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 7:03-cr-00045-1 |
| v. | MEMORANDUM OPINION |
| PETER GABOUREL,<br>Petitioner. | By: Hon. Michael F. Urbanski<br>United States District Judge |

On October 2, 2003, the court sentenced petitioner Peter Gabourel to fifteen years' incarceration and five years' supervised release. The court imposed that sentence because it considered Gabourel to be an "armed career criminal" in violation of the Armed Career Criminal Act ("ACCA") due to a prior qualifying conviction of a "crime of violence" under the ACCA's "residual clause," 18 U.S.C. § 924(e)(2)(B).

On June 26, 2015, the Supreme Court of the United States determined that the ACCA's residual clause was unconstitutionally vague and invalid under the Due Process Clause. Johnson v. United States, 135 S. Ct. 2551 (2015); see Welch v. United States, 136 S. Ct. 1257 (2016) (holding Johnson applies retroactively to cases on collateral review). In accordance with Johnson, Gabourel filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, arguing that the "crime of violence" used to enhance the sentence under the ACCA's residual clause must be disregarded. The United States has acquiesced to Gabourel's request for the court to vacate the current sentence and impose a new sentence without the ACCA enhancement.[1]

---

[1] It is possible that the court could impose a term of incarceration equal to or less than the time Gabourel has served, and consequently, Gabourel could be released from incarceration immediately after a resentencing hearing.

Pursuant to Johnson and in light of the United States' acquiescence, the § 2255 motion is granted. The Probation Office will prepare an amended presentence report, and the Clerk will schedule a resentencing hearing promptly. Gabourel may participate in the resentencing hearing by video conference, if possible, or by telephone if he files a notice agreeing to such within five days. See Fed. R. Crim. P. 43(c)(1)(B).

ENTER: This 29th day of April, 2016.

/s/ Michael F. Urbanski
United States District Judge