CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 17 2016

JULIA C. DUDLEY, CLERK
BY: /s/ [signature]
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 7:03-CR-045 |
| v. | ) | |
| | ) | |
| PETER GABOUREL, | ) | |
| | ) | By:  Michael F. Urbanski |
| Defendant. | ) | United States District Judge |
| | ) | |

## MEMORANDUM OPINION

The court previously granted Petitioner Peter Gabourel's uncontested motion

to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and

Johnson v. United States, 135 S. Ct. 2551 (2015). ECF No. 30. After concluding

that Gabourel no longer qualified as an armed career criminal under the Armed

Career Criminal Act ("ACCA"), the court granted Gabourel's motion for issuance of

amended judgment without a hearing and resentenced him to 120 months

imprisonment. ECF No. 47. As promised, this memorandum opinion provides

greater detail as to the court's reasoning.

I.

Gabourel pled guilty on July 9, 2003 to one count of possession of a firearm by

a convicted felon in violation of 18 U.S.C. § 922(g). Pursuant to 18 U.S.C. § 924(e),

the sentencing judge found that Gabourel qualified as an armed career criminal

because he had previously been convicted of two serious controlled substance

offenses and one prior offense for shooting into an inhabited dwelling in violation of

Cal. Penal Code § 246. These three predicate offenses provided a mandatory

1

minimum sentence of 180 months, rather the 120 month maximum sentence authorized under 18 U.S.C. § 924(a)(2). The sentencing judge ultimately imposed a sentence of 180 months and remanded Gabourel into the custody of the Bureau of Prisons. ECF No. 16.

On April 6, 2016, Gabourel filed an emergency motion for relief pursuant to 28 U.S.C. § 2255, arguing that the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), rendered his previous sentence unconstitutional and entitled him to immediate release. The thrust of Gabourel's argument is that his prior conviction for shooting into an occupied dwelling does not fit within the "force clause" of the ACCA based on precedent from the Fourth and Ninth Circuits, and likewise cannot fit within the "residual clause" in light of Johnson. Absent this third predicate conviction under the ACCA, Gabourel claims his re-calculated sentence cannot exceed 120 months imprisonment. The government initially concurred that Gabourel no longer qualified as an armed career criminal, and conceded that Gabourel was entitled to immediate relief. ECF No. 28.

Based on the government's concession—and mindful that Gabourel had potentially over-served the maximum lawful sentence authorized for his crime of conviction—the court granted Gabourel's motion to vacate his prior sentence. ECF No. 30. Gabourel then moved for issuance of an amended judgment without a hearing or preparation of a new presentence report, arguing that the maximum penalty he faced on re-sentencing was less than his current term of imprisonment. ECF No. 31. The government again did not object.

However, the court asked the parties to address several issues relating to Gabourel's prior conviction under Cal. Penal Code § 246 and his potential re-sentencing in this case. First, the court noted that the sentencing judge did not specify whether Gabourel's prior conviction for shooting into an inhabited dwelling qualified as a predicate offense under the "force clause" or under the "residual clause" of the ACCA. Given the record's silence on whether the 2003 sentencing judge invoked the residual clause declared unconstitutional in Johnson, the court inquired whether Gabourel had met his burden to seek relief under § 2255. Second, the court asked the parties to analyze evolving Fourth and Ninth Circuit precedent addressing whether convictions under Cal. Penal Code § 246 and similar statutes qualify as violent felonies under the ACCA's force clause. The parties submitted the requested briefing on May 19, 2016.[1]

## II.

A convicted felon found guilty of possessing a firearm faces a maximum sentence of 120 months. However, the ACCA provides for a mandatory minimum sentence of 180 months when a defendant was previously convicted of at least three prior serious drug offenses or violent felonies. 18 U.S.C § 924(e)(1). A violent felony is defined as:

> Any crime punishable by imprisonment for a term exceeding one year . . . that –
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

---

[1] The court is grateful for the additional briefing provided by both counsel for the United States and counsel for Gabourel, which greatly aided resolution of the issues presented in this case.

3

(ii) is burglary, arson, or extortion, involves use of explosives, ~~or otherwise involves conduct that presents a serious potential risk of physical injury to another.~~

§ 924(e)(2)(B).

In 2015, the Supreme Court invalidated the language in subsection (ii) stricken above—known as the "residual clause"—after finding it void for vagueness.[2] Johnson v. United States, 131 S. Ct. at 2555–56. However, the court did not nullify the remaining sections of the violent felony definition, including the "force clause" in subsection (i) and the enumerated offenses in subsection (ii). As a result, Johnson affords relief only to those defendants whose statutory sentence depends on prior convictions that qualify under the residual clause. Defendants whose predicate convictions satisfy the force clause or one of the four enumerated offenses are unaffected.

Gabourel's claim for relief depends on the interplay between Johnson and circuit court precedent analyzing Cal Penal Code § 246 and similar statutes. Both before and after Gabourel's sentencing in 2003, no less than seven decisions from the Fourth and Ninth Circuits have addressed whether shooting into an occupied structure qualifies as predicate offenses under the residual clause, the force clause, or both. Some cases suggest that this type of offense satisfies the ACCA's force clause. See, e.g., United States v. Wilkerson, 492 F. App'x 447, 449 (4th Cir. 2012); United States v. Cortez-Arrias, 403 F.3d 1111, 1115–16 (9th Cir. 2005). Others suggest that such an offense satisfies only the ACCA's residual clause. See, e.g.,

---

[2] In 2016, the Supreme Court made Johnson retroactive for purposes of collateral review. See Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

4

United States v. Parral-Dominguez, 794 F.3d 440, 445–47 (4th Cir. 2015); United States v. Navaez-Gomez, 489 F.3d 970, 976–77 (9th Cir. 2007); United States v. Weinert, 1 F.3d 889, 890–91 (9th Cir. 1993); United States v. Horton, No. 91-5766, 1991 WL 186865, *2 (4th Cir. Sept. 24, 1991). Gabourel hangs his hat on these latter cases, arguing that his prior conviction under Cal. Penal Code § 246 cannot qualify as a violent felony under the force clause and likewise cannot qualify post-Johnson as a violent felony under the residual clause. Thus, Gabourel argues that Cal. Penal Code § 246 cannot be a predicate offense under any clause of the ACCA. Gabourel believes he now lacks the three predicate convictions necessary to be classified as an armed career criminal.

## A.

First, the court must address whether it erred in granting Gabourel's initial § 2255 motion. Petitions under § 2255 proceed in two steps. United States v. Hadden, 475 F.3d 652, 661 (4th Cir. 2007). First, a district court determines if the petitioner has shown by a preponderance of the evidence that his sentence or conviction was "imposed in violation of the Constitution or laws of the United States," that the sentencing court "was without jurisdiction to impose such sentence," that the sentence exceeds "the maximum authorized by law," or that the sentence or conviction is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If the petitioner fails to carry this burden, the district court must deny relief. If the petitioner carries his burden, the district court must "vacate and set aside" the unlawful sentence. 28 U.S.C. § 2255(b). Only then may the district court

5

proceed to the second step and fashion an appropriate remedy. "[T]he end result of a successful § 2255 proceeding must be the vacatur of the prisoner's unlawful sentence . . . and (1) the prisoner's release, (2) the grant of a future new trial to the prisoner, (3) or a new [or corrected] sentence." Hadden, 475 F.3d at 661.

In this case, the court granted Gabourel's motion to vacate after the United States agreed that Gabourel no longer qualified as an armed career criminal. ECF No. 28. Specifically, both Gabourel and the United States initially agreed that Gabourel lacked the three predicate convictions required by the ACCA because his prior conviction under Cal. Penal Code § 246 qualifies as a violent felony only under the residual clause deemed unconstitutional in Johnson.[3] However, review of the record revealed that the sentencing judge never explicitly concluded that Gabourel's conviction under Cal. Penal Code § 246 qualified as a predicate offense under the residual clause. For example, the original criminal judgment notes that Gabourel was sentenced to 180 months pursuant to 18 U.S.C. § 924(e), but does not mention his predicate convictions. ECF No. 16. Likewise, the transcript of Gabourel's sentencing hearing shows no discussion of Gabourel's prior convictions. See ECF No. 37. Indeed, the sentencing judge appears to have made no finding about whether Cal. Penal Code § 246 qualified as a violent felony under the ACCA's force clause, residual clause, or both. Id. These omissions are unsurprising—at the time Gabourel was sentenced, there was no need to distinguish between the force and residual clauses, nor was there a need to invoke any specific clause when finding

---

[3] Gabourel concedes, as he must, that his 2003 sentence is not unlawful if his prior conviction under Cal. Penal Code § 246 qualifies as a violent felony under either the ACCA's force clause or the enumerated offense clause, neither of which were addressed in Johnson.

6

that Gabourel qualified as an armed career criminal. Nevertheless, the bare record in this case complicates Gabourel's claim under § 2255.

In his supplemental brief, Gabourel acknowledges that the record does not conclusively show that the sentencing court invoked the residual clause. To overcome this hurdle, Gabourel points to precedent from 2003 suggesting that convictions under Cal. Penal Code § 246 qualified as violent felonies only under the ACCA's residual clause. Specifically, Gabourel points to two cases—United States v. Weinert, 1 F.3d 889 (9th Cir. 1993), and United States v. Horton, No.91-5766, 1991 WL 186865 (4th Cir. Sept. 24, 1991). Both cases were in force at the time of Gabourel's original sentencing. In Weinert, the Ninth Circuit held that a conviction under Cal. Penal Code § 246 qualified as a "crime of violence" under § 4B1.2 of the United States Sentencing Guidelines. 1 F.3d 899 at 891. In particular, the Weinert court found that shooting into an inhabited dwelling presented a "risk of physical injury" such that a conviction satisfied the residual clause of U.S.S.G. § 4B1.2. Id. Similarly, the Fourth Circuit in Horton found that a similar state crime for shooting into an occupied dwelling "involves conduct which, by its nature, presents the threat of serious physical injury, regardless of whether such injury resulted." 1991 WL 186865, at *2. The Horton court then cited the residual clause of U.S.S.G. § 4B1.2, rather than the force clause, to affirm that a conviction for shooting into an occupied dwelling qualified as a "crime of violence" under the Guidelines. Id.[4]

---

[4] The Horton court did not specify what state criminal statute it was addressing, only that the defendant had a prior conviction for shooting into an occupied dwelling.

Gabourel argues that Weinert and Horton are evidence that the only case law available to the sentencing court favored invoking the ACCA's residual clause—not its force clause—to define convictions under Cal. Penal Code § 246 as violent felonies. He believes this evidence is sufficient to show that his 2003 sentence falls under Johnson's umbrella. The court agrees.

Gabourel's burden is only a preponderance of the evidence. "The burden of showing something by a preponderance of the evidence . . . simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence.'" United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (citing Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal., 508 U.S. 602, 622 (1993) (internal quotation marks omitted)). Weinert and Horton offer strong evidence that, at the time Gabourel was sentenced in 2003, relevant precedent counseled that shooting into an inhabited dwelling qualified as a violent felony under the ACCA's residual clause. On its own, this evidence makes it more probable than not that Gabourel's 2003 classification as an armed career criminal relied on the now-stricken residual clause.

To be sure, Weinert and Horton analyzed the issue through the lens of the Sentencing Guidelines. However, the definition of a "crime of violence" under U.S.S.G. § 4B1.2 mirrors the definition of a "violent felony" under 18 U.S.C. § 924(e)(2)(B). Indeed, both the Guidelines and the ACCA include a residual clause that captures offenses "involv[ing] conduct that presents a serious potential risk of physical injury to another" and a force clause that captures offenses that include "as

8

an element the use, attempted use, or threatened use of physical force against the person of another." Compare U.S.S.G. § 4B1.2(a)(1)–(2) with 18 U.S.C. § 924(e)(2)(B)(i)–(ii). This identity in language has led courts in both the Fourth and Ninth Circuits to reference cases interpreting § 4B1.2 when addressing its analogous provision in the ACCA. See, e.g., United States v. Spencer, 724 F.3d 1133, 1138 (9th Cir. 2013); United States v. King, 673 F.3d 274, 279 n.3 (4th Cir. 2012); see also, U.S. v. Serna, 309 F.3d 859, 864 (5th Cir. 2002)(noting that the force clauses of ACCA and U.S.S.G. § 4B1.2. employ identical language.) Thus, the analysis of U.S.S.G. § 4B1.2 in Weinert and Horton applies with equal force to 18 U.S.C. § 924(e)(2)(B)(ii).

For its part, the government cites a second Ninth Circuit opinion—United States v. Cortez-Arias, 403 F.3d 1111 (9th Cir. 2005)—to argue that Gabourel was more likely sentenced as an armed career criminal under the ACCA's force clause, rather than its residual clause. The Ninth Circuit held that convictions under Cal. Penal Code § 246 qualify as a "crime of violence" under a different provision of the Sentencing Guidelines, U.S.S.G. § 2L1.2. Cortez-Arias, 403 F.3d at 1113–14. While the court in Cortez-Arias acknowledged the holding from Weinert, it noted that § 2L1.2 "defines 'crime of violence' somewhat differently than does § 4B1.2." Id. at 1114. Specifically, § 2L1.2 has no language comparable to the residual clause found in § 4B1.2 or the ACCA. Id. (noting that § 2L1.2 does not capture "conduct that presents a serious risk of physical injury to another"). However, § 2L1.2 does contain language comparable to the ACCA's force clause—like the ACCA, § 2L1.2

9

captures conduct that "has as an element the use, attempted use, or threatened use of physical force against the person of another." Id. at 1115 (citing U.S.S.G. § 2L1.2 comment n.1(B)(iii)). The Ninth Circuit found that shooting into an inhabited dwelling satisfied the force clause in § 2L1.2 because shooting into inhabited dwellings—whether currently occupied or not—always presents a "threatened use of physical force against the person of another." Id. at 1115–16. In light of Cortez-Arias, the government suggests that it is more probable that the sentencing court invoked the ACCA's force clause—not the residual clause—to find that Gabourel's conviction under Cal. Penal Code § 246 qualified as a violent felony under the ACCA.

This argument fails. The Ninth Circuit decided Cortez-Arias in 2005, nearly two years after Gabourel was sentenced. Thus, its reasoning could not have influenced the sentencing judge. As noted above, the relevant guidance available in 2003—Weinert and Horton—counseled that Cal. Penal Code § 246 satisfied only the ACCA's residual clause. Accordingly, Cortez-Arias is largely inapposite to the question presented here: namely, whether Gabourel has met his burden to show that his designation as an armed career criminal in 2003 depended on application of the residual clause. For the reasons stated above, the court concludes Gabourel met his burden and is entitled to relief under § 2255 and Johnson.[5]

---

[5] In so holding, the court need not address Gabourel's alternate arguments for relief under 28 U.S.C. § 2255. In addition to the argument cited above, Gabourel generally claims that he need not prove under which clause he qualified as an armed career criminal to satisfy § 2255. Instead, he argues that he must only show that the sentencing court had the *option* of applying the now-unconstitutional residual clause. In support, Gabourel analogizes to unconstitutional jury instructions. Where a jury is presented with two or more independent grounds to find a defendant guilty, one of which is later deemed unconstitutional, a guilty verdict cannot stand absent proof that

10

**B.**

Having determined that it properly vacated Gabourel's prior sentence, the court turns to the second step of the § 2255 analysis. Once a prisoner's sentence is found unlawful, "the district court should grant the prisoner an 'appropriate' remedy, which includes discharge, re[-]sentencing, or a new trial." United States v. Pettiford, 612 F.3d 270, 277 (4th Cir. 2010). In its prior order granting Gabourel's § 2255 motion, the court concluded that Gabourel was entitled to a corrected sentence, and ordered a prompt re-sentencing hearing. ECF No. 30.

Gabourel then filed a motion to amend his judgment without a hearing, urging the court to immediately impose a sentence of 120 months. Gabourel noted that absent an armed career criminal enhancement, he faced maximum statutory sentence of 120 months. Gabourel represented that he had been incarcerated for nearly thirteen years, and had thus over-served the maximum sentence for his crime of conviction. For the reasons stated below, the court agrees that Gabourel

---

the error was harmless; i.e. that the evidence supported a guilty finding under the valid instruction, rather than the invalid instruction. Hedgpeth v. Pulido, 555 U.S. 57, 58 (2008). Gabourel invites the court to apply this logic to his case—absent proof of harmless error, he claims proof that the sentencing judge could have rested Gabourel's sentence on the now-invalid residual clause is sufficient to allege a constitutional injury under § 2255. In this way, Gabourel argues he need not prove that the residual clause was actually invoked by the sentencing judge, only that it *could have been* invoked. This analogy to jury instructions is inventive, and has been cited by at least one district court in a similar case. See United States v. Navarro, No. 2:10-CR-2104, 2016 WL 1253830, at *3 (E.D. Wash. Mar. 10, 2016) (applying jury instruction analogy to find that petitioner carried his burden under § 2255 to show that his sentence violated Johnson by proving that his qualifying convictions "could have been predicate 'violent felonies' under the residual clause"). However, this analogy is ultimately unnecessary to the court's conclusion here. Gabourel's citation to Weinert and Horton is sufficient, on its own, to satisfy Gabourel's burden under § 2255. Therefore, the court makes no finding on whether a petitioner satisfies his burden on collateral review by showing only that the ACCA's residual clause *could have been invoked at his prior sentencing.*

should be immediately re-sentenced without a hearing to 120 months of incarceration.

As the court explained in Part II.A. of this opinion, a defendant qualifies as an armed career criminal under the ACCA if he has three prior convictions for a serious drug offense or for a violent felony. 18 U.S.C. § 924(e)(1). Gabourel has two convictions for a serious drug offense. Thus, the sole question at this second stage is whether Gabourel's prior conviction under Cal. Penal Code § 246 still qualifies as a violent felony under the ACCA for purposes of his re-sentencing.[6] Narrowed further, Gabourel's argument for re-sentencing hinges on the ACCA's force clause; namely, whether a conviction under Cal. Penal Code § 246 "has as an element the use, attempted use, or threatened use of physical force against the person of another."

The court applies the categorical approach to analyze this issue. United States v. Hemingway, 734 F.3d 323, 328 (4th Cir. 2013). Under the categorical approach, a court "focuses on the *elements* of the prior offense rather than the *conduct* underlying the conviction." Id. (quoting United States v. Cabrera–Umanzor, 728 F.3d 347, 350 (4th Cir. 2013) (emphasis in original)). If the elements of the prior offense "sweep [ ] more broadly" than the ACCA's force clause—and criminalize behavior not captured by the federal statute—the prior offense does not

_____

[6] The court recognizes that it addressed this question—if indirectly—in the first step of the § 2255 analysis. Under the two-step analysis for § 2255 motions, Gabourel was first required to prove by a preponderance that the sentencing court invoked the ACCA's residual clause when it declared him an armed career criminal in 2003. However, the question presented here is somewhat different. At this second stage, this court must decide for itself whether Gabourel's prior conviction for shooting into an inhabited dwelling qualifies as a violent felony under a still-valid clause of the ACCA. If so, Gabourel remains subject to the ACCA's 180 month mandatory minimum sentence. If not, Gabourel faces a sentence of no more than 120 months.

qualify as a predicate conviction. United States v. Faulls, No. 14-4595, 2016 WL

2587344, at *9 (4th Cir. May 5, 2016) (citing Descamps v. United States, 133 S. Ct.

2276, 2281 (2013)). For purposes of the categorical approach, federal courts are

"'bound by the [state supreme court's] interpretation of state law, including its

determination of the elements of the potential predicate offense." Id. at 332

(quoting Johnson v. United States, 559 U.S. 133, 138 (2010)). Therefore, this court

defers to California state courts' interpretation of Cal. Penal Code § 246.[7]

The court begins with the statute's language. Cal. Penal Code § 246 reads:

> Any person who shall maliciously and willfully discharge
> a firearm at an inhabited dwelling house, occupied
> building, occupied motor vehicle, occupied aircraft,
> inhabited housecar as defined in Section 362 of the
> Vehicle Code, or inhabited camper, as defined in Section
> 243 of the Vehicle Code, is guilty of a felony, and upon
> conviction shall be punished by imprisonment in the state
> prison for three, five, or seven years, or by imprisonment
> in the county jail for a term of not less than six months
> and not exceeding one year. [8]

California courts have long held that § 246 is a general intent crime,

requiring only that the defendant intend the act, not the resulting harm. See, e.g.,

People v. Ramirez, 201 P.3d 466, 469 n.6. (Cal. 2009); People v. Overman, 24 Cal.

Rptr. 3d 798, 806 (Cal. Ct. App. 2005); People v. White, 6 Cal. Rptr. 2d 259, 261

---

[7] Neither Gabourel nor the United States argue that the modified categorical approach applies to Cal. Penal Code § 246. Further, even if the court were to find Cal. Penal Code § 246 divisible—and thus amendable to the modified categorical approach—the record lacks any documents approved by Shepard v. United States, 544 U.S. 13, 26 (2005), that the court could consider in determining whether Gabourel's conviction amounted to a violent felony. Accordingly, the modified categorical approach adds nothing to the court's analysis.

[8] Cal. Penal Code § 246 was last modified in 1988. See Cal Bill 1988 Cal. Legis. Serv. 911 (West) A.B. No. 3086 (effective September 15, 1988). Gabourel was arrested for shooting into an occupied dwelling on December 25, 1988, and sentenced on June 8, 1989. Therefore, the current definition of Cal. Penal Code § 246 remains unchanged from when Gabourel was charged, convicted, and sentenced.

13

(Cal. Ct. App. 1992) (holding that reckless disregard is a sufficient mens rea for conviction under Cal. Penal Code § 246); People v. Froom, 166 Cal. Rptr. 786, 790 (Cal. Ct. App. 1980). Further, § 246 does not require that a defendant shoot directly at an inhabited dwelling, nor that the target be occupied at the time of the offense. Instead, the statute encompasses shots "in such close proximity to the target that [the shooter] shows a conscious indifference to the probable consequences that one or more bullets will strike the target or persons in or around it." Overman, 24 Cal. Rptr. 3d at 805. It also captures a defendant who shoots at an unoccupied structure, provided the structure was "currently being used for dwelling purposes." Cal. Penal Code § 246. In sum, a defendant can be convicted where he recklessly shoots toward a structure without persons physically present at the time of shooting and without the specific intent to cause harm to a person. Under this precedent, a defendant can be found guilty of shooting into an inhabited dwelling without engaging in the use, attempted use, or threatened use of physical force against another person. Thus, on its face, Gabourel's conviction under Cal. Penal Code § 246 is not categorically a violent felony under the force clause.

This conclusion mirrors those of other courts. As described in Part II.A. of this opinion, the Ninth Circuit in United States v. Weinert, 1 F.3d 889, 890–91 (9th Cir. 1993), and the Fourth Circuit in United States v. Horton, No. 91-5766, 1991 WL 186865, *2 (4th Cir. Sept. 24, 1991), both suggested that shooting into an inhabited dwelling qualified as a violent felony because it involved the "risk of physical injury" under the now-defunct residual clause, not because it required use

of physical force. Recent cases agree. For example, in United States v. Navaez-Gomez, 489 F.3d 970 (9th Cir. 2007), the Ninth Circuit held that Cal. Penal Code § 246 was not a crime of violence under U.S.S.G. § 2L1.2 because it did not have as an element "the use, attempted use, or threatened use of physical force against the person of another." Id. at 976–77. In so holding, the Ninth Circuit noted that "[California] state precedents demonstrate that a violation of section 246 may result from purely reckless conduct [such that the statute] does not categorically constitute a crime of violence." Id. at 977.[9]

Likewise, the Fourth Circuit, in United States v. Parral-Dominguez, 794 F.3d 440 (4th Cir. 2015), held that N.C. Gen. Stat. § 14–34.1(a)—which also prohibits discharge of a firearm into an occupied dwelling—did not categorically qualify as a crime of violence because it did not require that force be used "*against another person.*" Id. at 445. (emphasis in original).[10] The North Carolina statute requires proof that a person "(1) intentionally (2) discharge a firearm (3) toward an occupied building (4) when the shooter knows or has reason to believe the building might be occupied." Id. Accordingly, a defendant can be found guilty even though he did not "intentionally or knowingly shoot [ ] into an occupied building, as long as he or she

---

[9] The parties cite Covarrubias Teposte v. Holder, 632 F. 3d 1049 (9th Cir. 2010), for the proposition that the Ninth Circuit no longer recognizes Cal. Penal Code § 246 as a violent felony. Teposte holds that Cal. Penal Code § 246 is not a crime of violence under 18 U.S.C. § 16(b). Teposte lends support to the conclusion that Cal. Penal Code § 246 is not a violent felony under the ACCA. However, the court finds that the guideline at issue in Navaez-Gomez, U.S.S.G. § 2L1.2, more closely resembles the force clause of the ACCA than 18 U.S.C. § 16(b). Therefore the court looks to Navaez-Gomez as the most persuasive Ninth Circuit authority regarding the classification of Cal. Penal Code § 246 under the ACCA's force clause.

[10] Both Navaez-Gomez and Parral-Domiguez addressed the force clause contained in U.S.S.G. § 2L1.2, rather than the ACCA's force clause. However, the force clause in U.S.S.G. § 2L1.2 mirrors the ACCA's force clause, and courts use precedent construing the force clause under the Sentencing Guidelines interchangeably with precedent construing the force clause under the ACCA. See, e.g., United States v. Gomez, 690 F. 3d 194, 197 (4th Cir. 2012).

15

recklessly ran the risk that the building was occupied." Id. at 447. With these elements in mind, the Fourth Circuit held that convictions under N.C. Gen. Stat. § 14–34.1(a) cannot categorically satisfy the force clause because the statute does not require proof "that [a person] is targeted or threatened." Id.

The reasoning in Parral-Domiguez applies with equal force to Cal. Penal Code § 246. Like N.C. Gen. Stat. § 14–34.1(a), the California statute does not require that an offender target or threaten the occupant of a structure. Indeed, Cal. Penal Code § 246 explicitly states that a person need not be inside or nearby the targeted structure to sustain a conviction. Instead, a defendant need only recklessly fire toward a dwelling with knowledge that the building might be occupied. Cal. Penal Code § 246; People v. White, 6 Cal. Rptr. 2d 259, 261 (Cal. Ct. App. 1992).

To be sure, the decisions in Navaez-Gomez and Parral-Dominguez were not available to Gabourel at the time of his original sentencing, and it is uncertain if Gabourel can reap their benefit during his re-sentencing. See generally United States v. Pettiford, 612 F.3d 270, 279 (4th Cir. 2010).[11] Moreover, cases prior to Navaez-Gomez and Parral-Dominguez reached opposite conclusions. For example, three years before Parral-Dominguez, the Fourth Circuit held in United States v.

---

[11] Pettiford held that a district court erred in granting defendant's claim under step one of the § 2255 analysis because the district court assumed that the "vacatur of any predicate sentence automatically entitles a petitioner to habeas relief without further inquiry." 612 F.3d at 278. In dicta, Fourth Circuit suggested that the district court compounded its error by using case law during the defendant's re-sentencing that was not available to the defendant at the time of his initial sentencing and had not be deemed retroactive. Id. at 279. Thus, Pettiford noted, but did not squarely address, whether at step two a district court re-sentences the defendant based on law in effect at the time of the initial sentencing or law in effect at the time of the re-sentencing? Because it would reach the same outcome whether it applied case law from 2003 or case law from 2016, this court need not resolve this issue.

Wilkerson, 492 F. App'x 447 (4th Cir. 2012), that a North Carolina conviction for discharging a firearm into an occupied vehicle required proof that a defendant used physical force against another person. Id. at 449. Similarly, prior to its decision in Navaez-Gomes, the Ninth Circuit held in United States v. Cortez-Arias, 403 F.3d 1111 (9th Cir. 2005), and United States v. Lopez-Torres, 443 F.3d 1182 (9th Cir. 2006), that a conviction under Cal. Penal Code § 246 required proof of physical force, and thus satisfied the force clause in U.S.S.G. § 2L1.2.

However, the court does not find these cases persuasive. Wilkerson involved a different criminal statute, and is thus distinguishable on its facts. Cortez-Arias and Lopez-Torres were subsequently abrogated by the Ninth Circuit, and are no longer good law. Navaez-Gomez, 443 F.3d at 1185 (abrogating Lopez-Torres); Parral-Dominguez, 794 F.3d at 441 n. 6 (noting that Cortez-Arrias was abrogated by Fernandez-Ruiz v. Gonzales, 466 F.3d 1121 (9th Cir. 2006)(en banc)). As Gabourel notes, it would be strange indeed for a court to apply precedent that did not exist at the time of his original sentencing—and is no longer good law—to analyze his claim for re-sentencing.

Of course, the decisions in Navaez-Gomez and Parral-Dominguez were also decided after Gabourel's sentencing. However, even if the court were to confine itself to precedent that existed at the time of Gabourel's original sentencing, it would still conclude that Gabourel's prior conviction does not satisfy the ACCA's force clause. Putting aside the evolution of thought on Cal. Penal Code § 246 reflected in Parral-Dominguez, Navaez-Gomez, Wilkerson, Cortez-Arias, Lopez-

17

Torres, and their progeny, the law in effect at the time of Gabourel's sentencing—the decisions in Weinert and Horton—favor use of the ACCA's residual clause, rather than the force clause, to define convictions under Cal. Penal Code § 246 as violent felonies. Thus, the court's ultimate conclusion is the same under law in effect at the time of Gabourel's original sentencing and under current law.

Accordingly, based on its own analysis of Cal. Penal Code § 246 and a review of the relevant case law, the court concludes that Gabourel's prior conviction for shooting into an inhabited dwelling does not qualify as a violent felony under the ACCA's force clause. Thus, Gabourel lacks the three predicate felonies necessary to qualify as an armed career criminal and is no longer subject to a mandatory minimum sentence of 180 months. Absent the ACCA enhancement, the maximum lawful sentence Gabourel can receive is 120 months.

### III.

For the reasons stated above, the Court entered an Order on May 31, 2016, granting the relief requested by Gabourel.

Entered: June 16, 2016

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge